FAX NO: 633-7141
Fax:                                    Nov 9 2010 03:44pm P003/005    #95102  PAGE: 7/9

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
### ASSOCIATE CIRCUIT
### STATE OF MISSOURI

2010 SEP 29 PM 3:06

JOHN ___
CIRCUIT CLERK

| | |
|---|---|
| TERRY L. RUDD | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No. |
| v. | ) |
| | ) Division |
| NORTHSTAR LOCATION SERVICES, LLC | ) |
| Serve at: | ) |
| 4285 Genessee Street | ) |
| Cheektowaga, NY 14225 | ) |

### PETITION

COMES NOW, Plaintiff Terry L. Rudd, and for his Petition states as follows:

### INTRODUCTION

1. This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 USC 1692 et. Seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION

2. This state court has jurisdiction of the federal claim under 15 USC 1692 k (d).

### PARTIES

3. Plaintiff is a natural person currently residing in St. Louis County, State of Missouri. Plaintiff is a "consumer" within the meaning of the Fair Debt Collection Practices Act.

4. Defendant is a New York corporation with its principal place of business in the State of New York. The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendants are engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 USC 1692 a(6).

NOV-09-2010  14:44                                         99%                   P.03

## FACTS

6. Plaintiff has received phone calls from Defendant regarding a debt Plaintiff allegedly owes.

7. Plaintiff requested Defendant to send written confirmation of the alleged debt. To date, no written confirmation has been sent.

8. To date, Plaintiff has not received written validation or verification of this alleged debt.

9. Plaintiff has received threats of litigation from the Defendant.

10. Despite the notification by Plaintiff that the debt was disputed and verification and validation was requested, Defendants continued to communicate with Plaintiff in an attempt to collect the alleged debt before providing the requested information.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT

11. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

12. In its attempts to collect the alleged debt from Counter-plaintiff, Counter-defendant has committed violations of the Fair Debt Collection Practices Act, 15 USC 1692 et seq., including, but not limited to, the following:

    a. Failure to cease communications as required after notice from the Plaintiff. 15 USC 1692 c (c).

    b. Communicating with Plaintiff more than once, without being requested to do so. 15 USC 1692 b (3).

    c. Failing to send Plaintiff a written notice, within five (5) days after the initial communication, containing—

        (1) The amount of the debt;

        (2) The name of the creditor to whom the debt is owed;

        (3) A statement that unless the consumer, within thirty days after receipt of the notice disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) A statement that if the consumer notifies the debt collector in writing within the thirty day verification period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor.

15 USC 1692 g (a) (1-5).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

A. Declaratory judgment that Defendants' conduct violated the FDCPA;

B. Actual damages;

C. Release of the alleged debt;

D. Statutory damages, costs and reasonable attorney's fees pursuant to 15 USC 1692 (k).

E. For such other relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED:

JAMES W. EASON, #57112
PETER R. VAN LEUNEN, #55157
Eason & Van Leunen, LLC
5838 Macklind Avenue
St. Louis, Missouri 63109
Phone: (314) 481-4648
Fax: (314) 667-3161